UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY W. NOEL,<br><br>           Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | No.  2:13-cv-2664-KJN<br><br><br>ORDER |

On August 11, 2014, after plaintiff's former counsel was permitted to withdraw, the court granted plaintiff an approximately 60-day period to obtain new counsel, if he so desired, and file his motion for summary judgment. (ECF No. 16.)[1]  In particular, the court directed plaintiff to file his motion for summary judgment, whether represented by new counsel or proceeding without counsel, no later than October 13, 2014.  (Id.)  Plaintiff was specifically cautioned that failure to file a motion for summary judgment may result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)

Ultimately, plaintiff failed to file a motion for summary judgment by the required deadline.  Consequently, on October 16, 2014, the court issued an order to show cause, directing

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15).  Both parties consented to proceed before a United States Magistrate Judge for all further proceedings and entry of final judgment pursuant to 28 U.S.C. § 636(c).  (ECF Nos. 7, 9.)

1

1 plaintiff to show cause in writing, within fourteen (14) days of that order, why this action should
2 not be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  (ECF No. 17.)  Plaintiff was
3 cautioned that failure to file a timely response to the order to show cause will be deemed as
4 plaintiff's consent to dismissal of the action.  (Id.)

5 Although the applicable deadline has now passed, plaintiff failed to respond to the order to
6 show cause.  At this juncture, the court concludes that dismissal is warranted.

7 Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply
8 with these Rules or with any order of the Court may be grounds for imposition by the Court of
9 any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

10 Case law is in accord that a district court may impose sanctions, including involuntary
11 dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that
12 plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal
13 Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32,
14 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to
15 prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir.
16 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b)
17 sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the
18 court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow
19 a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258,
20 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may
21 dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth.
22 of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have
23 inherent power to control their dockets and may impose sanctions including dismissal or default).

24 A court must weigh five factors in determining whether to dismiss a case for failure to
25 prosecute, failure to comply with a court order, or failure to comply with a district court's local
26 rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:
27 ////
28 ////

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the first two Ferdik factors support dismissal. Since withdrawal of plaintiff's counsel, plaintiff has entirely failed to respond to court orders, even though none of the court's orders have thus far been returned as undeliverable.[2] Although the court liberally construes the filings of pro se litigants, they are expected to comply with court orders and procedural rules. The third Ferdik factor, prejudice to defendants, also favors dismissal. At the very least, the Commissioner has been named in a civil action and has had progress towards resolution of the case delayed by plaintiff's failures.

The fifth Ferdik factor, availability of less drastic alternatives, also favors dismissal. Before employing the harsh sanction of dismissal, the court first issued an order to show cause, providing plaintiff an opportunity to explain his failures. However, plaintiff failed to respond to that order to show cause or even request an extension of time to do so. Furthermore, because plaintiff is proceeding *in forma pauperis* and has failed to respond to the court's orders, the court finds that the imposition of monetary sanctions would be futile. Additionally, the court is unable to frame any other meaningful sanctions, such as evidentiary or issue sanctions, based on the present limited record.

---

[2] Even if the court's orders had been returned as undeliverable, it is plaintiff's duty to keep the court informed of his current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

1    The court also recognizes the importance of giving due weight to the fourth <u>Ferdik</u> factor,
2 which addresses the public policy favoring disposition of cases on the merits.  However, for the
3 reasons set forth above, factors one, two, three, and five support dismissal of this action, and
4 factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors
5 support dismissal or where at least three factors 'strongly' support dismissal."  <u>Hernandez v. City
6 of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under
7 the circumstances of this case, the other relevant factors outweigh the general public policy
8 favoring disposition of actions on their merits.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1263.  If anything, a
9 disposition on the merits has been hindered by plaintiff's own failure to comply with the court's
10 orders and instructions.

11   Therefore, after an evaluation of all the <u>Ferdik</u> factors, the court finds that plaintiff's case
12 should be dismissed.  However, in light of plaintiff's alleged disability and pro se status,
13 dismissal shall be without prejudice.

14   Accordingly, IT IS HEREBY ORDERED that:

15   1. The action is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil
16     Procedure 41(b).
17   2. The Clerk of Court shall vacate all dates and close this case.
18   IT IS SO ORDERED.
19 Dated:  November 5, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4